THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LARRY E. RAMIREZ,                    )        Case No. 2:05CV00042 DS

                    Plaintiff,       )

          vs.                        )        MEMORANDUM OPINION
                                              AND ORDER
THE CITY OF WEST VALLEY,
ET AL.,                              )

                    Defendants.      )

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.   INTRODUCTION

On July 22, 2005, Defendants moved to dismiss Plaintiff's
Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Subsequent to the
completion of briefing on that Motion, but prior to the Court
entering its decision, Plaintiff, pursuant to Fed. R. Civ. P. 15(a)
filed a Motion for Leave to Amend his Complaint.  Plaintiff's
proposed first and second claims for relief assert violations of
his Fourth Amendment rights.  Defendants do not oppose Plaintiff's
Motion for Leave to Amend as to those claims.  However, Defendants
do oppose  Plaintiff's proposed third and fourth claims for relief
asserting violations of his due process rights arising out of the
same facts that form the basis of his Fourth Amendment claims.

Briefly stated, the relevant facts and allegations are as
follows.  In the early morning hours of February 28, 2003,

Plaintiff was entertaining friends at his apartment when West Valley Police Officers arrived investigating the theft of beer from a nearby grocery store.  Plaintiff does not dispute that one of his guests, Lonnie Trujillo, stole the beer.  Plaintiff alleges that the Officers, without a warrant and without  knocking or announcing their presence unlawfully entered his apartment and caused him injury.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) provides in relevant part that a party may amend its complaint by leave of court which "shall be freely given when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. V. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

## III.  DISCUSSION

Defendants correctly note that the United States Supreme Court has held "'that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due

process.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)(quoting *United States v. Lanier*, 520 U.S. 259, 272, n. 7 (1997)).   Accordingly, the Court agrees with Defendants that Plaintiff's Motion to Amend should be denied as to his proposed third and fourth claims "[b]ecause Plaintiff's allegations of wrongful conduct are all covered by the Fourth Amendment (illegal search and seizure, illegal entry and excessive force), there is no basis for his proposed due process claims."  Mem. Opp'n at 2.

### IV.   CONCLUSION

For the reasons stated, Defendants Motion to Dismiss is **DENIED** as moot as is Plaintiff's Motion to Strike Affidavit of Detective John Lange.  Plaintiff's Motion for Leave to Amend his Complaint is **GRANTED** as to proposed claims one and two, and **DENIED** as to his proposed third and fourth claims.

**IT IS SO ORDERED.**

DATED this _20th_ day of _September_, 2005.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT