THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LARRY E. RAMIREZ, | ) | Case No. 2:05CV00042 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER ADDRESSING |
| THE CITY OF WEST VALLEY, ET AL., | ) | DEFENDANTS' THIRD MOTION TO DISMISS (DOC. # 54) |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### I.  INTRODUCTION

Pursuant to Fed R. Civ. P. 37, Defendants move the Court to dismiss without prejudice Plaintiff's remaining claim for excessive use of force due to his alleged failure to cooperate in discovery.

Underlying this dispute are the following facts and allegations. In the early morning hours of February 28, 2003, Plaintiff was entertaining friends at his apartment when West Valley Police Officers arrived investigating the theft of beer from a nearby grocery store. Plaintiff does not dispute that one of his guests, Lonnie Trujillo, stole the beer. Plaintiff alleges that the Officers, without a warrant and without knocking or announcing their presence forced open the door to his apartment and "beat Plaintiff into submission". Compl. at ¶12.

Plaintiff filed a complaint in this court asserting various constitutional claims, of which only one claim for excessive use of force remains pending.

Plaintiff is also a defendant in a criminal case charging him with unauthorized possession of firearms ammunition which was allegedly discovered when officers entered his apartment as alleged above.

At an earlier hearing on Defendants' Motion to Dismiss pursuant to *Heck v. Humphreys*, 512, U.S. 477 (1994), Defense counsel raised the concern that discovery in this civil case could be problematic due to Plaintiff's pending criminal case. Defendants assert that Plaintiff's counsel represented that discovery on the issue of excessive use of force could go forward.

Defendants thereafter noticed Mr. Ramirez' deposition for May 8, 2007. The night before the scheduled deposition, Plaintiff's counsel filed a motion for a protective order. On May 8, 2007, defense counsel appeared at the scheduled deposition. Mr. Ramirez refused to answer questions without his attorney being present and the deposition was concluded.

Plaintiff's counsel now represents:

> Since those [motion to dismiss] proceedings, Mr. Ramirez' civil attorney has been informed by his criminal attorney that it would negatively impact his criminal case should Mr. Ramirez be deposed in his civil case.  This contact occurred just prior to the date Mr. Ramirez' civil deposition was scheduled to go forth, which was the basis for Defendants' latest motion to dismiss.
> It is now clear that it would be prejudicial to Plaintiff to proceed with his civil case while his criminal case is still pending. ... Plaintiff argues that is [stet] stay is more appropriate in this case than a dismissal.

Pl['s] Opp'n at 2.

## II.  DISCUSSION

In support of their motion, Defendants urge that dismissal without prejudice is one of the least severe options available, Plaintiff earlier declined to stay the case and should not now be permitted to request one, and Defendants should not have to wait to defend against Mr. Ramirez' claims.

Fed. R. Civ. P. 37(d) provides that if a party, after proper service, fails to appear for his deposition "the court ... may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."   Fed. R. Civ. P. 37(b)(2) authorizes the Court to sanction a party who "fails to obey an order to provide or permit discovery ...."   Among the sanctions available is "[a]n order ... dismissing the action or

proceeding or any part thereof ...." Id. 37(b)(2)(C).

Defendants have failed to establish any significant prejudice to them, any interference with the judicial process, or that imposition of a lesser sanction would not be an effective remedy for the alleged abuse. See, e.g., *The Procter & Gamble Co. V. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)(listing factors to be evaluated before imposing sanction of dismissal with prejudice). In short, the Court is not satisfied that Plaintiff's conduct is so aggravating that it justifies dismissal, even without prejudice, as a sanction for the discovery abuse alleged.

### III.  CONCLUSION

For the reasons stated, Defendants' Third Motion to Dismiss (Doc. #54) is Denied. Pursuant to Plaintiff's stated desire to stay this matter, Opp'n at 2-3, counsel is invited to file such motion for stay or for voluntary dismissal as she deems appropriate.

IT IS SO ORDERED.

DATED this 25th day of June, 2007.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

Case 2:05-cv-00042-DS   Document 66   Filed 06/25/07   Page 5 of 5